Michele R. Stafford, Esq. (SBN 172509)
Adrian L. Canzoneri, Esq. (SBN 265168)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mstafford@sjlawcorp.com
acanzoneri@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al., | Case No.: C15-01299 MEJ |
| Plaintiffs, | **NOTICE OF ACKNOWLEDGMENT; and JUDGMENT PURSUANT TO STIPULATION** |
| v. | |
| ESTATE MAINTENANCE SERVICES (E.M.S.) INC., a California corporation; STEVEN KRAL, an individual, | |
| Defendants. | |

IT IS HEREBY STIPULATED and AGREED (the "Stipulation") by and between the parties hereto, that Judgment shall be entered in the within action in favor of Plaintiffs District Council 16 Northern California Health And Welfare Trust Fund, et al. ("Plaintiffs" or "Trust Funds") and against Defendants Estate Maintenance Services (E.M.S.) Inc., a California corporation; Estate Maintenance Services, a sole proprietorship, and Steven Kral, an individual and formerly doing business as Estate Maintenance Services (collectively "Defendants"[1]), and/or alter

---

[1] Defendant E.M.S operated as a sole proprietorship, with Defendant Steven Kral as the sole owner, and later incorporated with the Secretary of State. Defendants have informed Plaintiffs' counsel that they are in the process of filing the requisite documents with the California Contractors Licensing Board to change their entity status from a sole proprietorship to a corporation. By entering into this Stipulation, Defendants agree that the terms herein shall apply to Defendants, as currently incorporated, as well as to Defendant E.M.S as a sole proprietorship.

1   egos and/or successor entities, as follows:

2        1.     Defendants are signatory to and bound by the terms of the Northern California

3 Painters Master Agreement ("Master Agreement") between District Council 16 ("Union") and

4 Northern California Painting And Finishing Contractors Association. Individual Defendant Steven

5 Kral executed the Agreement of Employers Regarding Bay Area Painters and Tapers Trust Funds

6 ("Employer Agreement") on behalf of Defendant Estate Maintenance Services (E.M.S.) Inc., which

7 provides that the individual signing on behalf of Defendant Estate Maintenance Services (E.M.S.)

8 Inc. is personally and individually liable for its contributions as required by the collective

9 bargaining agreement. The Master Agreement and Employer Agreement are collectively referred to

10 herein as the "Bargaining Agreement."  The Bargaining Agreement is still in full force and effect.

11        2.     Defendant, Steven Kral, in his capacity as current Executive Vice President of

12 Defendant Estate Maintenance Services (E.M.S.) Inc., and as former sole owner of Estate

13 Maintenance Services, a sole proprietorship, hereby acknowledges that he is authorized to receive

14 service on behalf of Defendants and has received the following documents in this action: Complaint

15 (Dkt. #1); Civil Cover Sheet (Dkt. #1-1); Proposed Summons (Dkt. #2); Proposed Summons (Dkt.

16 #3); Certification of Interested Entities or Persons Pursuant to Civil Local Rule 3-16 (Dkt. #4);

17 Notice of Case Assignment (Dkt. #5); Standing Orders for Magistrate Judge Maria-Elena James;

18 ECF Registration Information; Filing Procedures (San Francisco); Notice of Assignment of Case to

19 a United States Magistrate Judge for Trial; Consent to Proceed Before A United States Magistrate

20 Judge (Blank Form); Declination to Proceed Before a Magistrate Judge and Request for

21 Reassignment to a United States District Judge (Blank Form); Standing Order for All Judge of the

22 Northern District of California, Contents of Joint Case Management Statement; ADR Dispute

23 Resolution Procedures; Instructions for Completion of ADR Forms Regarding Selection of an ADR

24 Process; Stipulation and Proposed Order Selecting ADR Process (Blank Form); Notice of Need for

25 ADR Phone Conference (Blank Form); ADR Certification by Parties and Counsel (Blank Form);

26 and (Proposed) Notice of Acknowledgment; and Judgment Pursuant to Stipulation.

27        3.     Defendant Steven Kral confirms that he is authorized to enter into this Stipulation on

28 behalf of Defendants. Defendants specifically consent to the Court's jurisdiction, as well as the use

-2-

**NOTICE OF ACKNOWLEDGMENT; and JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C15-01299 MEJ**

of a Magistrate Judge for all proceedings, including entry of judgment herein. Defendants further confirm that all successors in interest, assignees, and affiliated entities (including, but not limited to, parent or other controlling companies), and any companies with which Defendants join or merge, if any, shall also be bound by the terms of this Stipulation as Guarantors. This shall include any additional entities in which Defendants are officers, owners or possess any controlling ownership interest. All such entities shall specifically consent to the Court's jurisdiction, the use of a Magistrate Judge for all proceedings herein, and all other terms herein, in writing, at the time of any assignment, affiliation or purchase.

4.      Defendants have become indebted to the Trust Funds as follows:

| Work Month | Total Contributions | Unpaid Contributions | Liquidated Damages (20% of Total Contributions) | Interest (5% Per Annum, through 5/5/15) | Subtotals |
|---|---|---|---|---|---|
| October 2014 | $45,316.11 | $45,316.11 | $9,063.22 | $968.76 | $55,348.09 |
| November 2014 | $24,576.76 | $24,576.76 | $4,915.35 | $421.25 | $29,913.36 |
| December 2014 | $22,479.44 | $22,479.44 | $4,495.89 | $289.52 | $27,264.85 |
| January 2015 | $31,924.39 | $31,924.39 | $6,384.88 | $288.42 | $38,597.69 |
| February 2015 | $21,693.96 | $28.08 | $4,338.79 | $50.66 | $4,417.53 |
| March 2015 | $25,106.95 | $25,106.95 | $5,021.39 | $120.40 | $30,248.74 |
| Attorneys' Fees (through 5/4/15): | | | | | $3,321.00 |
| Complaint Filing Fee: | | | | | $400.00 |
| **GRAND TOTAL DUE:** | | | | | **$189,511.26** |

5.      Defendants shall *conditionally* pay the amount of **$155,291.74,** representing all of the above amounts, less liquidated damages in the amount of **$34,219.52**. *This conditional waiver is expressly conditioned upon Trustee approval following timely compliance with all of the terms of this Stipulation,* as follows:

(a)      Beginning on **May 29, 2015**, and on or before the last business day of each month thereafter, for a period of twelve (12) months, through and including April 29, 2016, Defendants shall pay to Plaintiffs the amount of **$13,294.13** per month;

(b)      Payments may be made by joint check, to be endorsed by Defendants prior to submission. Payments made by joint check may be applied toward Defendants' monthly stipulated payment provided that the issuer of the joint check is not requesting a release in exchange for the

1  payment. Joint check payments in which a release is requested may not be applied toward

2  Defendants' monthly stipulated payment, but shall be deducted from the total balanced owed under

3  this Stipulation provided the payment is for contributions included in this Stipulation;

4       (c)    Defendants shall have the right to increase the monthly payments at any time

5  and there is no penalty for prepayment;

6       (d)    Payments shall be applied first to unpaid interest and then to unpaid

7  principal. The unpaid principal balance shall bear interest from **May 6, 2015**, at the rate of 5% per

8  annum in accordance with the Bargaining Agreement and Plaintiffs' Trust Agreements;

9       (e)    Checks shall be made payable to the *District Council 16 Northern California*

10  *Trust Funds*, and delivered on or before each due date to <u>Michele R. Stafford, Esq. at Saltzman &</u>

11  <u>Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104</u>, or

12  to such other address as may be specified by Plaintiffs;

13       (f)    Plaintiffs may require that Defendants pay electronically by wire transfer;

14       (g)    At the time that Defendants make the twelfth (12th) stipulated payment,

15  Defendants may submit a written request for a waiver of their liquidated damages directed to the

16  Board of Trustees, but sent to Saltzman and Johnson Law Corporation with their twelfth (12th)

17  payment. Such waiver will not be considered until and unless all other amounts are paid in full and

18  Defendants' account is otherwise current;

19       (h)    Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise

20  Defendants in writing, by first class mail and email to <u>mike@estate-ems.com</u>, as to the final

21  amounts due, including additional interest and all additional attorneys' fees and costs incurred by

22  Plaintiffs in connection with the collection and allocation of the amounts owed to Plaintiffs under

23  this Stipulation. Defendants shall pay all additional interest, attorneys' fees and costs regardless of

24  whether or not Defendants default herein.  Any additional amounts due pursuant to the provisions

25  hereunder shall also be paid in full with the final stipulated payment due on <u>April 29, 2016</u>; and

26       (i)    Failure to comply with any of the above terms shall constitute a default of the

27  obligations under this Stipulation and the provisions of ¶ 13 shall apply.

28       6.    In the event that any check is not timely submitted or fails to clear the bank, or is

1   unable to be negotiated for any reason for which Defendants are responsible, Defendants shall be

2   considered to be in default of the Judgment entered. If this occurs, Plaintiffs shall make a written

3   demand to Defendants, by first class mail and email to mike@estate-ems.com, to cure said default

4   *within seven (7) days of the date of the notice from Plaintiffs*. If caused by a failed check, default

5   will only be cured by the issuance of either a replacement *cashier's check*, delivered to Saltzman

6   and Johnson Law Corporation, or by transmission of funds electronically, by wire transfer, to an

7   account specified by Plaintiffs, to be received within the seven (7) day cure period. If Defendants

8   elect to cure said default, and Plaintiffs elect to accept future payments, *all such future payments*

9   *shall be made by either cashier's check or electronically, by wire transfer* at Plaintiffs' request. In

10  the event default is not cured, all amounts remaining due hereunder shall be due and payable on

11  demand by Plaintiffs.

12          7.      Beginning with contributions due for hours worked by Defendants' employees

13  during the month of **April 2015**, and for every month thereafter until this Judgment is satisfied,

14  **Defendants shall remain current in reporting and payment of contributions** due to Plaintiffs

15  under the current Collective Bargaining Agreement and under all subsequent Collective Bargaining

16  Agreements, if any, and the Declarations of Trust as amended. The Collective Bargaining

17  Agreement and Trust Agreements provide that all benefit contributions are due on or before the

18  fifteenth (15th) day of the month following the month in which hours were worked and are

19  delinquent if not received by the last business day of that month.

20          8.      Until this judgment is satisfied, Defendants shall **submit all monthly contribution**

21  **reports and payments directly to Saltzman and Johnson Law Corporation.** The reports and

22  payments shall be delivered to Michele R. Stafford, Esq. at Saltzman & Johnson Law Corporation,

23  44 Montgomery Street, Suite 2110, San Francisco, California 94104, or to such other address as

24  may be specified by Plaintiffs, by the last business day of each month.  Defendants may submit

25  their monthly contribution reports by email to compliance@sjlawcorp.com, or to such other email

26  address as may be specified by Plaintiffs, by the last business day of each month. All such emails

27  must include Defendants' name in the subject line.

28

C:\Users\maherr\AppData\Local\Temp\notes1A03DD\Notice of Ack and Judgment Pursuant to Stip.doc

1    Defendants shall send <u>copies</u> of its contribution reports and payments to the Trust Funds.

2  Plaintiffs may require that Defendants pay contributions electronically by wire transfer. Failure by

3  Defendants to timely submit current contribution reports and payments, or a report of "no

4  employees" if applicable, shall constitute a default of the obligations under this Stipulation and the

5  provisions of ¶ 13 shall apply.

6    9.    Beginning with the month of **May 2015**, and for every month thereafter, **Defendants**

7  **shall fully disclose all jobs on which they are working by providing Plaintiffs with fully**

8  **completed job reports** on the form attached hereto as Exhibit A. Upon request by Plaintiffs,

9  Defendants shall also provide Plaintiffs with copies of Certified Payroll Reports for any and all

10  Public Works jobs, or any other job for which Certified Payroll Reports are required. Defendants

11  updated monthly job reports and Certified Payroll Reports (if requested) shall be delivered to

12  <u>Michele R. Stafford, Esq. at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite</u>

13  <u>2110, San Francisco, California 94104</u>, or to such other address as may be specified by Plaintiffs,

14  by the last business day of each month. Defendants may alternatively submit its monthly job reports

15  by email to <u>compliance@sjlawcorp.com</u>, or to such other email address as may be specified by

16  Plaintiffs, <u>by the last business day of each month</u>. All such emails must include Defendants' name

17  in the subject line.

18    This requirement remains in full force and effect regardless of whether or not Defendants

19  have ongoing work, whether Defendants' account with the Trust Funds is active, or whether

20  Defendants are signatory to a Collective Bargaining Agreement with the Union. If, for any reason,

21  Defendants have no work to report during a given month, Defendants shall submit the job report

22  form (Exhibit A) indicating that there are no current jobs. **Defendants' first job report (regarding**

23  **May 2015 jobs) is due on or before May 31, 2015.**

24    Failure by Defendants to timely submit fully completed monthly job reports and Certified

25  Payroll Reports (if requested and applicable) as described above shall constitute a default of the

26  obligations under this Stipulation and the terms of ¶ 13 shall apply.

27    10.    **Audit:** Should the Trust Funds request an audit of Defendants' payroll records in

28  order to confirm proper reporting and payment of contributions pursuant to the Bargaining

1   Agreements, any failure by Defendants to comply with said request shall constitute a default of the

2   obligations under this Agreement, which Defendants shall have ten (10) days to cure from receipt of

3   written notice from Plaintiffs.

4           (a)     In the event that amounts are found due on audit, Plaintiffs shall send a

5   written demand to Defendants by first class mail and email to mike@estate-ems.com, for payment

6   in full of the amounts found due in the audit, including a full copy of the audit report and any

7   findings, including contributions, liquidated damages, interest and audit fees owed.

8           (b)     Defendants will be provided with ten (10) days in which to review the audit,

9   and provide evidence to contest the findings. In the event that Defendants do not agree with the

10  total found due, Plaintiffs shall provide any additional information or clarification requested by

11  Defendants in writing within ten (10) days of the request therefor, or as soon as reasonably possible,

12  and Defendants' time to respond to the audit report or comply with payment requirements shall then

13  run from the time that Defendants receive Plaintiffs' response. Once the ten (10) day review period

14  expires, in the event that the audit is not contested, payment in full shall be delivered to Michele R.

15  Stafford at the address provided above.

16          (c)     If the audit is contested, and Defendants provide documentation in support of

17  the dispute, Defendants shall be notified as to whether revisions will be made to the audit. If

18  revisions are not made, payment will be immediately due.

19          (d)     If revisions are made to said audit as a result of the dispute, payment in full

20  of the revised amount shall be due within ten (10) days of Defendants' receipt of the revised billing.

21          (e)     If Defendants are unable to make payment in full, Defendants may submit a

22  written request to revise this Stipulation, modifying the payment plan (by monthly amount and/or

23  payment term), to add the amounts found due in the audit to this Stipulation, subject to the terms

24  herein. If the Stipulation is so revised, Defendants shall execute the Amended Judgment or

25  Amendment to Judgment within ten (10) days of Plaintiffs' preparation of said Amended Judgment

26  or Amendment to Judgment. Failure to execute the revised agreement shall constitute a default of

27  the terms herein.

28

C:\Users\maherr\AppData\Local\Temp\notes1A03DD\Notice of Ack and Judgment Pursuant to Stip.doc

(f)     Failure by Defendants to submit either payment in full or a request to add the amounts due to this Judgment within ten (10) days of the date due per the terms written above shall constitute a default of the obligations under this agreement. All amounts found due on audit shall immediately become part of this Judgment.

11.     Failure to comply with <u>any</u> of the above terms shall constitute a default of the obligations under this Stipulation and the provisions of ¶ 13 shall apply.

12.     Any unpaid or late-paid contributions, together with 20% liquidated damages and 5% per annum interest accrued on the contributions shall be added to and become a part of this Judgment and subject to the terms herein. Plaintiffs reserve all rights available under the applicable Bargaining Agreements and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional past contributions and related amounts not included herein as may be determined by Plaintiffs to be due pursuant to employee timecards or paystubs, by audit, or other means, and the provisions of this agreement are in addition thereto. Defendants specifically waive the defense of the doctrine *res judicata* as to any such additional amounts determined as due**.**

13.     In the event that Defendants fail to make any payment required herein, or otherwise default on any of their obligations as detailed in this Stipulation, and such default is not timely cured, the following will occur:

(a)     The entire balance of **$189,511.26**, plus interest, but reduced by principal payments received from Defendants, in addition to any unpaid contributions then due plus 20% liquidated damages and 5% per annum interest on the unpaid or late-paid contributions, shall be immediately due and payable, together with any attorneys' fees and costs incurred during the term of this Stipulation;

(b)     A Writ of Execution may be obtained against Defendants without further notice to Defendants, in the amount of the unpaid balance plus any additional amounts due under the terms herein. Such Writ of Execution may be obtained solely upon declaration by a duly authorized representative of Plaintiffs setting forth any payment theretofore made by or on behalf of Defendants and the balance due and owing as of the date of default;

1    (c)    Defendants waive any notice of Entry of Judgment or of any Request for a

2  Writ of Execution upon default, and expressly waive all rights to stay of execution and appeal. The

3  declaration or affidavit of a duly authorized representative of Plaintiffs as to the balance due and

4  owing as of the date of default shall be sufficient to secure the issuance of a Writ of Execution,

5  without notice to Defendants; and

6    (d)    Defendants shall pay all additional attorneys' fees and costs incurred by

7  Plaintiffs in connection with the collection and allocation of the amounts owed by Defendants to

8  Plaintiffs under this Stipulation, whether or not a default occurs herein.

9    14.    Any failure on the part of Plaintiffs to take any action against Defendants as

10  provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed

11  a waiver of any subsequent breach by Defendants of any provisions herein.

12    15.    The parties agree that any payments made pursuant to the terms of this Judgment

13  shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C.

14  Section 547(c)(2) and shall not be claimed by Defendants as a preference under 11 U.S.C. Section

15  547 or otherwise.

16    16.    Should any provision of this Stipulation be declared or determined by any court of

17  competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and

18  enforceability of the remaining parts, terms or provisions shall not be affected thereby and said

19  illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this

20  Stipulation.

21    17.    This Stipulation is limited to the agreement between the parties with respect to the

22  unpaid and delinquent contributions and related sums enumerated herein, owed by Defendants to

23  Plaintiffs. This Stipulation does not in any manner relate to withdrawal liability claims, if any.

24  Defendants acknowledge that Plaintiffs expressly reserve their right to pursue withdrawal liability

25  claims, if any, against Defendants and all of its control group members, as provided by Plaintiffs'

26  Plan Documents, Trust Agreements incorporated into their Bargaining Agreements, and applicable

27  laws and regulations.

28

18.    This Stipulation contains all of the terms agreed to by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

19.    This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

20.    Defendants represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Stipulation with care and are fully aware of and represent that they enter into this Stipulation voluntarily and without duress.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

1    21.    The parties agree that the Court shall retain jurisdiction of this matter until this

2  Judgment is satisfied.

3  Dated: June 22, 2015                    **ESTATE MAINTENANCE SERVICES**
                                           **(E.M.S.) INC.**
4

5                                          By: _____/S/_____

6                                          Steven Kral
                                           Executive Vice President of Defendant Estate
7                                          Maintenance Services (E.M.S.) Inc.

8

9  Dated: June 22, 2015                    **STEVEN KRAL**

10                                         By: _____/S/_____

11                                         Steven Kral, individually, and as sole owner of
                                           Estate Maintenance Services, a sole proprietorship

12 Dated: June 17, 2015                    **SALTZMAN AND JOHNSON LAW**
                                           **CORPORATION**
13

14                                         By: _____/S/_____

15                                         Adrian L. Canzoneri, Esq.
                                           Attorneys for Plaintiffs

16

17 Dated: June 17, 2015                    **VINCE ECHEVERRIA**

18                                         By: _____/S/_____

19                                         Vince Echeverria, Trustee for Plaintiffs

20 Dated: June 16, 2015                    **MARIAN BOURBOULIS**

21                                         By: _____/S/_____

22                                         Marian Bourboulis, Trustee for Plaintiffs

23 **IT IS SO ORDERED.**

   IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall
24
   retain jurisdiction over this matter.
25
   Dated: ___June 22_____, 2015            _____
26
                                           MARIA-ELENA JAMES
27                                         UNITED STATES MAGISTRATE JUDGE

28

**NOTICE OF ACKNOWLEDGMENT; and JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C15-01299 MEJ**

C:\Users\maherr\AppData\Local\Temp\notes1A03DD\Notice of Ack and Judgment Pursuant to Stip.doc

| | EXHIBIT A | |
|---|---|---|
| | ***JOB REPORT FORM*** | |

Updated Job Reports shall be delivered to Saltzman & Johnson Law Corporation
at 44 Montgomery Street, Suite 2110, San Francisco, California 94104 or
to compliance@sjlawcorp.com **by the last business day of each month**

**Employer: ESTATE MAINTENANCE SERVICES (E.M.S.) INC.**

**Report for the month of _____, 20\_\_ Submitted by: _____**

| Project Name: | | Public or Private? (circle one) |
|---|---|---|
| Project Address: | | |
| General Contractor: | | |
| General Contractor Address: | | |
| General Contractor Telephone #: | Project Manager Name: | |
| Project Manager Telephone #: | Project Manager email address: | |
| Contract #: | Contract Date: | |
| Total Contract Value: | | |
| Work Start Date: | Work Completion Date: | |
| Project Bond #: | Surety: | |

| Project Name: | | Public or Private? (circle one) |
|---|---|---|
| Project Address: | | |
| General Contractor: | | |
| General Contractor Address: | | |
| General Contractor Telephone #: | Project Manager Name: | |
| Project Manager Telephone #: | Project Manager email address: | |
| Contract #: | Contract Date: | |
| Total Contract Value: | | |
| Work Start Date: | Work Completion Date: | |
| Project Bond #: | Surety: | |

*** Attach additional sheets as necessary ***

-1-
**Exhibit A to NOTICE OF ACKNOWLEDGMENT; and JUDGMENT PURSUANT TO STIPULATION
Case No.: C15-01299 MEJ**

C:\Users\maherr\AppData\Local\Temp\notes1A03DD\Notice of Ack and Judgment Pursuant to Stip.doc

1

PROOF OF SERVICE

2

I, the undersigned, declare:

3

      I am employed in the County of San Francisco, State of California. I am over the age of

4

eighteen and not a party to this action.  My business address is 44 Montgomery Street, Suite 2110,

5

San Francisco, California 94104.

6

      On **June 22, 2015**, I served the following document(s) on the parties to this action in the

7

manner described below:

8
9
10

• Complaint (Dkt. #1); Civil Cover Sheet (Dkt. #1-1);
• Proposed Summons (Dkt. #2);
• Proposed Summons (Dkt. #3);
• Certification of Interested Entities or Persons Pursuant to Civil Local Rule 3-16 (Dkt. #4);
• Notice of Case Assignment (Dkt. #5);
• Standing Orders for Magistrate Judge Maria-Elena James;

11
12
13

• ECF Registration Information; Filing Procedures (San Francisco); Notice of Assignment of Case to a United States Magistrate Judge for Trial; Consent to Proceed Before A United States Magistrate Judge (Blank Form); Declination to Proceed Before a Magistrate Judge and Request for Reassignment to a United States District Judge (Blank Form); Standing Order for All Judge of the Northern District of California, Contents of Joint Case Management Statement;

14
15

• ADR Dispute Resolution Procedures; Instructions for Completion of ADR Forms Regarding Selection of an ADR Process; Stipulation and Proposed Order Selecting ADR Process (Blank Form); Notice of Need for ADR Phone Conference (Blank Form); ADR Certification by Parties and Counsel (Blank Form);

16

• (Proposed) Notice of Acknowledgment; and Judgment Pursuant to Stipulation

17
18

<u>XX</u>**BY MAIL,** being familiar with the practice of this office for the collection and the processing of correspondence for mailing with the United States Postal Service, and deposited in the United States Mail copies of the same to the business addresses as specified below, in a sealed envelope fully prepared.

19

<u>XX</u>    **BY ELECTRONIC MAIL,** I caused copies of the documents to be sent to the email address specified below.

20
21
22
23

**Steven Kral**
**Mike Mehenni**
**Estate Maintenance Services (E.M.S.) Inc.**
**30010 S. McArthur Drive**
**Tracy, CA  95377**
**mike@estate-ems.com**
**marias@estate-ems.com**

24
25

      I declare under penalty of perjury that the foregoing is true and correct and that this

26

declaration was executed on this 22nd day of June 2015, at San Francisco, California.

27

                     /S/
                 Alicia Ramirez Wood
                 Paralegal

28